IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGARET HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-cv-343-CSC |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.  Introduction.**

On July 1, 2010, Margaret Hayes protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. Hayes also protectively filed an application for supplemental security income on July 1, 2010, pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*. In both applications, Hayes alleged disability beginning May 1, 2008. These claims were denied at the administrative level. Thereafter, Hayes filed a written request for hearing, and, on November 18, 2011, a hearing was held before Administrative Law Judge ("ALJ") Frank M. Klinger. Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*,

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social

792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[2] Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

To make this determination[3] the Commissioner employs a five step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

Security matters were transferred to the Commissioner of Social Security.

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.**

Hayes was 55 years old at the time of the hearing before the ALJ and has completed four years of college. (R. 41). Her prior work experience includes work as a nurse's aide, phlebotomist, cashier, and laboratory assistant. (R. 47-48). Following the administrative hearing, the ALJ concluded that Hayes has severe impairments of "noninsulin dependent diabetes mellitus; hypertension; mild degenerative joint disease of the lumbar spine; mild osteoarthritis of the knees; obesity; and, 'pancreatitis' diagnosed on one occasion." (R. 24). The ALJ concluded that Hayes was able to perform her past relevant work as a phlebotomist and lab assistant. (R. 31).

**B. The Plaintiff's Claims.** Hayes presents the following two issues for review:

1. Whether the ALJ erred by relying on the residual functional capacity assessment of a single decision-maker; and

2. Whether the ALJ's finding that Hayes had no manipulative limitations is supported by substantial evidence.

### IV. Discussion

A disability claimant bears the initial burden of demonstrating the existence of a disability. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends;

and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker*, 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added). Within this analytical framework, the court will address the plaintiff's claims.

**A.    The ALJ did not improperly rely on the opinion of the single decision-maker.**

Hayes argues that the ALJ erred by considering the residual functional capacity determination (R. 55-62) made by a Single Decision Maker ("SDM")[5] at the level of the initial disability determination. Because an SDM has no medical credentials, but instead makes the initial disability determination after consulting with appropriate medical sources, SDM-completed forms are not opinion evidence at the appeals level, and the ALJ should not give any evidentiary weight to the residual functional capacity determination of an SDM.

---

[5]"SDMs are part of a test program of the Social Security Administration for making initial disability determinations by non-medical experts. 20 C.F.R. § 404.906(a)." *Chaverst v. Astrue*, 2012 WL 5379063 at *8 (N.D. Ala. 2012); *see also* 20 CFR § 416.1406 (setting forth information about the test program with respect to SSI benefits). Alabama is one of the states in which the use of SDMs is being tested. 71 Fed. Reg. 45,890 (August 10, 2006).

*Cooper v. Comm'r of Soc. Sec.*, 521 Fed. Appx. 803, 807 (11th Cir. 2013); *Siverio v. Comm'r of Soc' Sec.*, 461 Fed. Appx. 869, 871 (11th Cir. 2012).

The ALJ stated in his opinion:

In this case, a Single Decision-Maker completed the Physical Residual Functional Capacity Form, and therefore, it has been evaluated as an adjudicatory document only, and not accorded any evidentiary weight in deciding this case at the hearing level by reason of its source. However, it appears to be fully correct and does coincide with my assessment of functional capacity, again as noted that is giving the claimant the benefit of every possible reasonable doubt on this medical record (Exhibit 3A).

(R. 30).

Thus, the ALJ made clear in his opinion that he did not assign any evidentiary weight to the SDM's report. Further, it is clear from the ALJ's remarkably detailed discussion of the record in its entirety, including the medical evidence and his own personal observation of Hayes's lack of credibility at the hearing, that he did thoroughly and independently consider the record as a whole and independently assess Hayes's residual functional capacity. *See* 20 CFR § 404.1545(a)(1) & 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."); 20 C.F.R. § 404.1546(c) ( "Responsibility for assessing residual functional capacity at the administrative law judge hearing . . . level. If your case is at the administrative law judge hearing level . . ., the administrative law judge ... is responsible for assessing your residual functional capacity."). Then, after carefully considering the entire record, the ALJ simply noted that the SDM's report coincided with his own independent findings. (R. 30).

6

Accordingly, the ALJ did not commit legal error by mentioning that the SDM's opinion happened to coincide with his own independent assessment of Hayes's residual functional capacity. *See Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 266 (11th Cir. 2009) (finding no error caused by "the ALJ's reference to th[e] DDS report," which "merely confirmed [the] objective medical evidence"); *Black v. Colvin*, No. 3:11 cv--1008–CSC, 2013 WL 1278938, * 3 (M.D. Ala. 2013) (finding no error where the ALJ noted the opinion of the SDM but nevertheless independently assessed the claimant's residual functional capacity based on all of the evidence in the record).

**B.    Substantial evidence supports the ALJ's finding the Hayes did not have manipulative limitations.**

On September 20, 2010, Dr. Stuart May may performed a comprehensive consultative medical examination of Hayes. During that examination, he noted the following regarding Hayes's range of motion in her hands and wrist:

> WRIST JOINTS: Extension 0- 60 degrees, flexion 0- 60 degrees, radial deviation 0-20 degrees, and ulnar deviation 0-30 degrees bilaterally.
>
> FINGER/THUMB JOINTS: Flexion/extension of the proximal phalanx 70 degrees and distal phalanx 90 degrees bilaterally.

(R. 225).

Dr. May summarized his medical conclusions from the examination as follows:

> GENERAL FINDINGS: The claimant is hypertensive. She has a scarcity of other findings on physical examination. There was [sic] slight paravertebral muscle spasms but no crepitus, deformities, or trigger points.
>
> . . . .

7

    DIAGNOSES :
    1 . Mild degenerative joint disease lumbar spine.
    2 . Mild osteoarthritis knees.
    3 . Noninsulin dependent diabetes mellitus.
    4 . Hypertension.

(R. 225).

Thus, Dr. May clearly did not assign any medical significance to his findings regarding Hayes's range of motion in her hands and wrist. Nevertheless, Hayes argues that the ALJ should have disregarded Dr. Mays's medical assessment of his own objective clinical findings, and instead the ALJ should have substituted an independent diagnosis that Hayes had a medical impairment resulting in manipulative limitations in her hands. Hayes argues that the ALJ should have formed this independent diagnosis based on Dr. Mays's observations that Hayes's "flexion/extension of the proximal phalanx was seventy (70) degrees and distal phalanx was ninety (90) degrees bilaterally," and the "range of motion in her wrists was limited to extension zero (0) to sixty (60) degrees, radial deviation zero (0) to twenty (20) degrees, and ulnar deviation zero (0) to thirty (30) degrees bilaterally." (Doc. 12 p. 11). However, Hayes has not presented any evidence from the record or otherwise that these raw observations regarding Hayes's wrists and hands indicated manipulative impairments. To a non-medical professional, there is nothing inherent in Dr. Mays's recorded observations about the range of motion in Hayes's hand and wrist that undermine Dr. Mays's ultimate conclusions and diagnosis, particularly when Dr. Mays himself did not consider those particular observations to be clinically significant.

"Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), [the claimant's] physical or mental restrictions." 20 CFR § 416.927(a)(2).  An ALJ is not a physician and he may not arbitrarily substitute his own medical opinion for that of a medical professional.  *Williams v. Barnhart*, 140 Fed. Appx. 932, 934 (11th Cir. 2005); *see also Graham v. Bowen* 786 F.2d 1113, 1115 (11th Cir. 1986) (finding that "the ALJ improperly substituted his conclusion that appellant 'appeared moderately handicapped in her gait' for the medical evidence presented); *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir.1982) ("[A]n ALJ . . . is not a medical expert.").  Dr. Mays's medical opinion was that, aside from hypertension, the findings of the clinical examination (including those pertaining to range of motion in Hayes's hands) were not significant, and he did not diagnose any condition that could limit the range of motion in her hands.

The ALJ specifically emphasized Dr. Mays's finding that, other than hypertension, Hays had "a scarcity of findings on physical examination." (R. 28).  The ALJ also relied on Dr. Mays's diagnosis, which did not include any medical impairment related to Hayes's hands.  (R. 28). An ALJ is entitled to rely on the medical opinion of a consulting examining physician, particularly where, as here, that opinion is not inconsistent with the opinion of a treating physician or other evidence in the record.  20 CFR § 404.1527(b)-(c); 20 CFR § 416.927(b)-(c).  Accordingly, substantial evidence supports the ALJ's opinion, and reversal

9

is not warranted. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (holding that a reviewing court must affirm if the decision reached by the ALJ is supported by substantial evidence).

Moreover, a disability claimant bears the initial burden of demonstrating an inability to return to her past work, *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990), and Hayes has made no showing how Dr. Mays's raw observations regarding her wrists and hands demonstrate that she is unable to return to her past work as a phlebotomist and lab assistant.

## V. Conclusion

For the reasons stated, the court concludes that the decision of the Commissioner denying benefits to Hayes should be affirmed.

The Court will enter a separate final judgment.

Done this 23rd day of September, 2014.

      /s/Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE